UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| DONALD E. HALTER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 1:20-CV-000104 JAR |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner's motion for appointment of counsel in his habeas action pursuant to 28 U.S.C. § 2254. (Doc. No. 10). For the following reasons, the motion will be denied.

There is no constitutional or statutory right to appointment of counsel in habeas corpus proceedings, see Morris v. Dormire, 217 F.3d 556, 558 (8th Cir. 2000); "instead, [the appointment of counsel] is committed to the discretion of the trial court," McCall v. Benson, 114 F.3d 754, 756 (8th Cir. 1997). In considering whether to appoint counsel, the factual and legal complexity of the case and the petitioner's ability to investigate and articulate his claims should be considered. Morris, 217 F.3d at 558-59; McCall, 114 F.3d at 756; Nachtigall v. Class, 48 F.3d 1076, 1081-82 (8th Cir. 1995).

Petitioner claims he lacks the capacity to understand the proceedings; however, the state post-conviction record refutes these allegations. Petitioner raised the issue of his mental condition for purposes of determining his competency during his post-conviction proceedings,

1

and the Missouri Court of Appeals rejected it. (Doc. No. 9-4). Petitioner also asserts that he is unable to read and write and "must depend on an [sic] self-scholar-paralegal to make transformation of all issues and facts herein." (Doc. No. 1-1). Although the Court is sympathetic to Petitioner's situation, appointment of counsel is not warranted at this time. Presumably with the help of the prison legal aide, Petitioner has prepared and submitted the following cogent documents: the petition (Doc. No. 1); a supplement, including a statement of the case, exhibit list of material facts and an affidavit (Doc. No. 1-1); a second supplement with exhibits (Doc. No. 8); and the instant motion for appointment of counsel (Doc. No. 10). The record thus demonstrates that Petitioner's limitations have not prevented him from effectively communicating with the Court. Additionally, the issues raised in the petition appear to be neither factually nor legally complex and capable of being resolved without an evidentiary hearing. Should Petitioner require the assistance of an attorney in the future, he may file a renewed motion for appointment of counsel, or the Court may appoint one *sua sponte*.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's motion for appointment of counsel [10] is **DENIED** without prejudice.

Dated this 7th day of October, 2020.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE